UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
——————————————————————X
PENSION FUND OF THE UNITED FOOD &
COMMERCIAL WORKERS LOCAL 2013, AFL-CIO
BY ITS BOARD OF TRUSTEES LOUIS MARK
CAROTENUTO and STANLEY FLEISHMAN,

**COMPLAINT**

Plaintiff,

CV-16- 4105

-against-

MILMAR FOOD GROUP, LLC,

Defendant.
——————————————————————X

Plaintiff PENSION FUND OF THE UNITED FOOD & COMMERCIAL WORKERS LOCAL 2013, AFL-CIO ("Plaintiff LOCAL 2013 PENSION FUND"), by and through its attorneys, BRADY McGUIRE & STEINBERG, P.C., for its Complaint, respectfully alleges:

1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1381 et seq. ("ERISA") to compel payment of an employer's withdrawal liability to Plaintiff LOCAL 2013 PENSION FUND as a result of the Defendant's default in the payment of its reallocation liability.

## JURISDICTION

2. The subject matter jurisdiction of this Court is invoked pursuant to Sections 502, 515 and 4301(b) of ERISA, 29 U.S.C. §§ 1132, 1145 and 1442.

3. Venue is properly laid in the Eastern District of New York pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1442(e), in that, as shown below,

Plaintiff LOCAL 2013 PENSION FUND is administered from an office located at 9235 Fourth Avenue, Brooklyn, County of Kings, State of New York.

## THE PARTIES

4. Plaintiff LOCAL 2013 PENSION FUND is a joint trustee fund established by a trust indenture pursuant to Section 302 of the Labor Management Relations Act, 29 U.S.C. § 186 ("LMRA"). The Trustees of the LOCAL 2013 PENSION FUND maintain the subject plan at an office located at 9235 Fourth Avenue, Brooklyn, New York.

5. LOUIS MARK CAROTENUTO and STANLEY FLEISHMAN are the Trustees of Plaintiff LOCAL 2013 PENSION FUND and are "fiduciaries" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. By resolution dated October 30, 2013, the Board of Trustees of Plaintiff LOCAL 2013 PENSION FUND officially resolved to change the name of the pension plan from the "Local 348 Pension Fund" to its current name.

7. Plaintiff LOCAL 2013 PENSION FUND is an employee pension benefit plan within the meaning of Section 3(2) of the ERISA, as amended, 29 U.S.C. § 1002(2) and established for the purpose of providing retirement income to eligible participants.

8. Plaintiff LOCAL 2013 PENSION FUND constitutes a multi-employer/employee benefit plan within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).

9. Upon information and belief, Defendant MILMAR FOOD GROUP, LLC ("MILMAR") was and still is a New York corporation, with its principal place of business located at 6 1/2 Station Road, Goshen, New York.

10. Upon information and belief, Defendant MILMAR was and still is a foreign corporation duly licensed to do business in the State of New York.

11. Upon information and belief, Defendant MILMAR was and still is a foreign corporation doing business in the State of New York.

12. Upon information and belief, Defendant MILMAR is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5) and Section 301 of the LMRA, 29 U.S.C. § 185.

## AS AND FOR A FIRST CAUSE OF ACTION

13. Plaintiff LOCAL 2013 PENSION FUND repeats and realleges each and every paragraph of the Complaint numbered 1 through 12 inclusive with the same force and effect as though more fully set forth at length herein.

14. Pursuant to the terms and conditions of the collective bargaining agreement entered into by and between Defendant MILMAR and United Food & Commercial Workers Local 2013, AFL-CIO formerly known as "U.F.C.W. Local 348-S", Defendant MILMAR was obligated to remit contributions to Plaintiff LOCAL 2013 PENSION FUND on behalf of those employees covered by the collective bargaining agreement.

15. In or about 2007, contributing employers, including Defendant MILMAR withdrew in mass from Plaintiff LOCAL 2013 PENSION FUND within the meaning of Section 4219(c)(1)(D) of ERISA, 29 U.S.C. § 1399(c)(1)(D), and were no longer obligated to contribute to Plaintiff LOCAL 2013 PENSION FUND, thereby completely withdrawing from said Fund within the meaning of Section 4203(a) of ERISA, 29 U.S.C. § 1383(a).

16. As a result of completely withdrawing from Plaintiff LOCAL 2013 PENSION FUND, contributing employers, including Defendant MILMAR, became liable for withdrawal liability.

17. Upon information and belief, Defendant MILMAR was notified on or before June 1, 2010, by Plaintiff LOCAL 2013 PENSION FUND of its reallocation liability in accordance with 29 C.F.R. § 4219.16(c) and was provided the option of making a single payment or quarterly installments in the amount of $4,226.00 each.

18. Defendant MILMAR FOOD GROUP, LLC elected to remit quarterly installment payments which it continued to remit to Plaintiff LOCAL 2013 PENSION FUND through November 1, 2015.

19. Subsequent to said date, Defendant MILMAR FOOD GROUP, LLC has failed to remit the required quarterly installment payments to Plaintiff LOCAL 2013 PENSION FUND, thereby leaving a current unpaid balance of $58,026.50.

20. As a result of this default, by written notice dated April 15, 2016, Plaintiff LOCAL 2013 PENSION FUND advised Defendant MILMAR that it had sixty (60) days to cure said default in accordance with Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

21. As of the date hereof, Defendant MILMAR has failed to cure its default and more than sixty (60) days have elapsed since said Defendant received written notification of said default from Plaintiff LOCAL 2013 PENSION FUND.

22. Defendant MILMAR has not at any time sought a review of any matter relating to its mass withdrawal liability determination including but not limited to its liability calculation and schedule of payments as provided by Plaintiff LOCAL 2013 PENSION FUND.

23. Defendant MILMAR has neither requested nor initiated any arbitration proceeding pursuant to Section 4221(a) of ERISA, 29 U.S.C. § 1401(a).

24. The failure of Defendant MILMAR to remit payments relating to its reallocation liability constitutes a default pursuant to Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A) and, accordingly, Plaintiff LOCAL 2013 PENSION FUND is entitled to the immediate payment of said Defendant's reallocation liability amount along with accrued interest.

25. Accordingly, as a direct and proximate result of Defendant MILMAR's defaults, omissions and breaches of its obligations relating to its withdrawal liability, Plaintiff LOCAL 2013 PENSION FUND is entitled to the amount of $58,026.50 along with accrued interest, liquidated damages, reasonable attorneys' fees and costs pursuant to Sections 502(g)(2), 4219(c)(6) and 4301(b) & (e) of ERISA, 29 U.S.C. §§ 1132(g)(2), 1399(c)(6) and 1451(b) & (e).

**WHEREFORE**, Plaintiff LOCAL 2013 PENSION FUND demands judgment against Defendant MILMAR FOOD GROUP, LLC in the amount of withdrawal liability totaling $58,026.50, together with:

1. Interest computed on the total amount owed by Defendant, in accordance with Sections 502(g)(2)(B), 4219(c)(6) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(B), 1399(c)(6) and 1442(b);

2. Statutory or liquidated damages in accordance with Sections 502(g)(2)(C) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(C) and 1442(b);

3. Attorneys' fees, costs and disbursements in accordance with Sections 502(g)(2)(D) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(D) and 1442(b); and

4. Such other and further relief as the Court may deem just and proper in accordance with Sections 502(g)(2)(E) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(E) and 1442(b).

Dated: Tarrytown, New York
July 25, 2016

Yours, etc.

BRADY McGUIRE & STEINBERG, P.C.

By: James M. Steinberg (JS-3515)
Attorneys for Plaintiff
U.F.C.W. Local 2013 Pension Fund
303 South Broadway, Suite 234
Tarrytown, New York 10591
(914) 478-4293